UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRANT FARLEY,

   Petitioner,

vs.             Case No. 8:07-CV-1777-T-27TBM
               Crim Case No. 8:05-CR-62-T-27TBM

UNITED STATES OF AMERICA,

   Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), Memorandum in Support (CV Dkt. 2), and the Government's Response in Opposition (CV Dkt. 5).[1] Upon consideration, Petitioner's motion (CV Dkt. 1) is DENIED.

Petitioner was charged in a six count Indictment with possession with intent to distribute and distribution of a quantity of a mixture and substance containing a detectable amount of cocaine base. (CR Dkt. 1). On June 17, 2005, Petitioner pleaded guilty without a plea agreement to all six counts of the Indictment. (CR Dkts. 12, 15, 16). On November 1, 2005, Petitioner was sentenced to concurrent terms of 188 months imprisonment to be followed by concurrent five year terms of supervised release. (CR Dkts. 19, 20). Petitioner's sentence and Judgment were affirmed on appeal. *United States v. Farley*, 190 Fed. Appx. 795 (11th Cir. 2006); (CR Dkt. 32). Petitioner timely filed the instant Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on

---

[1] Notwithstanding that Petitioner requested and was twice granted an extension of time to file a Reply to the Government's opposition, he did not do so. (*See* Dkts. 6, 7 8, 9).

-1-

September 24, 2007.[2] (CR Dkt. 33; CV Dkt. 1).

In his motion, Petitioner raises three separate allegations of ineffective assistance of counsel as grounds for relief. In order to demonstrate ineffective assistance of counsel, Petitioner must meet the test established by *Strickland v. Washington*, 466 U.S. 668 (1984):

> According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)(citing *Strickland*, 466 U.S. at 687).

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204 (2001). "Our role in reviewing an ineffective assistance claim is not to 'grade' a lawyer's performance; instead, we determine only whether a lawyer's performance was within 'the wide range of professionally competent assistance.'" *Van Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 690). "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Id.* (citing *Chandler*, 218 F.3d at 1315).

---

[2] A prisoner's *pro se* § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing. *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001) (citing *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999)). Absent evidence to the contrary, it can be assumed that a § 2255 motion was delivered to prison authorities on the date that the prisoner signed it. *Id.* at 1301.

Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial. *Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir. 1984). When a defendant pleads guilty, counsel need only provide his client with an understanding of the law in relation to the facts so that the defendant can make an informed decision between pleading guilty and going to trial. *Id.* Counsel need only make an independent examination of the facts, circumstances, pleadings and applicable law, and then offer counsel's informed opinion to his client as to the best course of action. *Id.* Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his claims must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

**GROUND ONE:** **"Ineffective assistance of counsel, failing to raise claim of selective prosecution in violation of the Equal Protection component of the Fifth Amendment"**

In Ground One, Petitioner contends that his attorney was ineffective in failing to seek a dismissal of the indictment based on selective prosecution. This claim is not cognizable in this §2255 motion.

Generally, a knowing and voluntary guilty plea waives all non-jurisdictional challenges to a conviction. *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003)(citing *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986)). A defendant who pleads guilty may challenge only the voluntary and knowing nature of his plea. *United States v. Broce*, 488 U.S. 563 (1989); *United States v. Kaiser*, 893 F.2d 1300 (11th Cir. 1990). It follows that by pleading guilty, Petitioner waived all non-jurisdictional challenges to his conviction, including his claim of pre-plea ineffectiveness of counsel based on his contention that his attorney failed to raise a claim of selective federal prosecution based on race. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992); *Hutchins v. Secretary for Dept. of Corrections*, 273 Fed.Appx. 777, 778 (11th Cir. 2008), *cert.*

*denied,* 129 S.Ct. 126 (2008).

The record demonstrates that Petitioner's guilty plea was entered knowingly and voluntarily. In his Rule 11 plea colloquy, Petitioner acknowledged under oath his understanding of the charges and maximum penalties, including the applicable minimum mandatory penalty (CR Dkt. 29, pp. 6, 10-12). He denied any promises, force or coercion (CR Dkt. 29, p. 5), confirmed his satisfaction with his attorney's advice and representation (CR Dkt. 29, p. 10), and admitted the factual basis proffered by the Government (CR Dkt. 29, p. 12). The magistrate judge found that Petitioner was competent and capable of entering an informed plea, that his guilty pleas "were knowingly and voluntarily made" and were supported by an independent basis in fact containing all of the essential elements of the offenses. (CR Dkt. 29, p. 13).

Petitioner's sworn representations during his plea colloquy, together with the findings made by the magistrate judge, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's sworn statements are presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). This presumption may not be overcome by a bald assertion of misunderstanding or a subsequent contention that those statements were not true. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988); *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986).

Petitioner does not challenge his guilty pleas or the sufficiency of the Rule 11 colloquy. Neither does Petitioner allege any facts suggesting that his attorney's conduct, advice, or representation undermined the knowing and voluntary nature of his guilty pleas. His claim of ineffective assistance is without factual or legal support. Accordingly, the record establishes that his guilty pleas were knowingly and voluntarily entered and he thereby waived his claim of pre-plea

ineffective assistance of counsel. Ground One is without merit.

Even if Petitioner's guilty plea did not waive this claim, he does not present sufficient facts to raise a reasonable doubt as to the Government's motives in prosecuting him federally such that his attorney was obligated to investigate a claim of selective prosecution based on race. *See United States v. Johnson*, 52 F.3d 924, 927 (11th Cir. 1995). Nor has Petitioner demonstrated that he was singled out for federal prosecution because of his race. Given the lack of any evidence to support his claim of selective prosecution based on race, his attorney's failure to challenge the indictment did not fall below an objective standard of reasonableness nor did any claimed deficiency in his attorney's performance prejudice Petitioner. He wholly fails to satisfy either prong of the *Strickland* standard for ineffective assistance of counsel.[3]

Moreover, Petitioner's attorney expressly represented to the Court in his sentencing memorandum and at sentencing that "[w]e"re not making any kind of racial attack at all, or even an equal protection argument." (CR Dkt. 18, ¶ 21; Dkt. 25, p. 5). Although this comment was made in the context of not challenging the crack/powder cocaine ratio, it certainly demonstrates that counsel was sensitive to any potential challenges based on race. In his sentencing memorandum, counsel referenced the "Weed and Seed Program" conducted by Clearwater undercover detectives, evidencing his knowledge of law enforcement's objectives (CR Dkt. 18, p. 1). Further, counsel argued against the "calculated tactics" used by the detectives "that resulted in [Petitioner's] sentencing guidelines being enhanced." (Id., p. 5).

Counsel was obviously aware of and sensitive to the nature of the weed and seed program's objectives. He took issue with what he believed was a calculated effort to enhance Petitioner's

---

[3] To the extent Petitioner seeks discovery, that request is denied.

sentence exposure by making six crack cocaine purchases from Petitioner, and what he believed was "calculated conduct" on the part of the detectives to have Petitioner prosecuted in federal court (CR Dkt. 18, ¶¶ 16-20, 22). Petitioner's counsel focused his sentencing argument on his perception of a disparity between federal and state sentences for the sale of crack. "I think the individual down at the county courthouse gets popped for this amount of crack cocaine, setting aside their record, they probably would not come federal. But setting that aside, I think equal people similarly situated, there can be a different sentence imposed in Federal Court versus State Court."

It is apparent that counsel made a tactical decision to challenge Petitioner's guideline range based on what he could argue in good faith were "calculated" actions by the detectives, based on the number of buys made from Petitioner, rather than an unsupported challenge based on race. Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. The determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did . . . were acts that some reasonable lawyer might do." *Chandler v. United States*, 218 F.3d at 1314-15.

Even if this claim of ineffective assistance of counsel was not waived, Petitioner has not shown that his attorney's non-racial challenge to law enforcement's objective of having him prosecuted in federal court was so patently unreasonable that no competent attorney would have made that challenge. Where, as here, Petitioner is unable to establish either prong of the *Strickland*

analysis, his claim must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

**GROUND TWO:** **"Ineffective assistance of counsel when failing to present the claim involving the career criminal enhancement under § 4B1.1"**

In Ground Two, construed liberally, Petitioner contends that he was erroneously enhanced as a career offender under USSG § 4B1.1 because his Indictment did not allege the facts supporting the career offender enhancement, including his prior convictions, and that his attorney was therefore ineffective in failing to challenge this alleged deficiency.[4] Petitioner also contends that his sentence was imposed under a mandatory guidelines scheme contrary to *United States v. Booker*, 543 U.S. 220 (2005), and that his attorney was ineffective in failing to raise this issue. These contentions have no merit.

Petitioner's contention that his career offender status should have been alleged in the indictment is essentially a challenge under *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). This contention has been expressly rejected in this Circuit. *United States v. Tippins*, 290 Fed. Appx. 313 (11th Cir. 2008)(prior convictions used to enhance a sentence need not be alleged in indictment), *cert. denied*, 129 S.Ct. 951 (2009); *United States v. Allen*, 274 Fed. Appx. 811, 822 (11th Cir. 2008). Petitioner's attorney could not have been ineffective in failing to make an argument which would have been contrary to existing precedent. *Hunter v. United States*, 559 F. 3d 1188, 1191 (11th Cir. 2009)(defendant could satisfy burden of showing "no competent counsel would have taken the action that his counsel did take" because

---

[4] Petitioner does not challenge the facts supporting the career offender enhancement, such as the nature of the offense of conviction or his prior felony convictions. See USSG § 4B1.1(a).

Circuit precedent foreclosed argument he contends counsel should have made).[5]

Likewise, there was no constitutional error under *Booker* when Petitioner was enhanced as a career offender based on his prior convictions. *United States v. Tippins*, 290 Fed. Appx. at 314; *United States v. Jacques*, 266 Fed. Appx. 824, 829 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 772 (2008); *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005)("In Almendarez-Torres v. United States (citation omitted), the Supreme Court 'held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.'") *Booker* left this conclusion "undisturbed." *Id*.

Lastly, to the extent that Petitioner contends that he was sentenced under a mandatory guideline scheme *vis a vis* the career offender enhancement, the record demonstrates that he was not. The Court unequivocally referenced the guidelines as "advisory" as it considered the sentencing factors set forth in 18 U.S.C. § 3553(a). (CR Dkt. 25, p. 15). To the extent Petitioner's argument can be construed as a claim that his sentence was unreasonable, that claim was addressed and rejected on direct appeal. *United States v. Farley*, 190 Fed. Appx. 795 (11th Cir. 2006). Any such claim may not be re-litigated under § 2255. *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000). Accordingly, Ground Two is without merit.

---

[5] Moreover, Petitioner cannot establish prejudice for counsel's failure to raise an *Apprendi* objection. Petitioner's sentence of 188 months was well below the statutory maximum penalties he faced, even absent the enhancement for career criminal status. *See United States v. Gerrow*, 232 F.3d 831, 834 (11th Cir. 2000).

**GROUND THREE:** "Ineffective assistance of counsel when failing to object in the district court and raise on appeal the failure to meet the jurisdictional requirements § 851"

In Ground Three, Petitioner contends that his attorney was ineffective in failing to challenge the district court's jurisdiction to enhance his sentence by objecting to the Government's failure to give timely notice of its intention to seek an enhancement pursuant to 21 U.S.C. § 851, based Petitioner's prior convictions. The Government concedes that it did not file a § 851 notice, but submits that it was not required to do so (CV Dkt. 5, p. 11).

A district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of § 851(a). *Harris v. United States*, 149 F.3d 1304, 1306 (11th Cir. 1998). As has been stated: "[u]nless and until prosecutorial discretion is invoked and the government files and serves an information as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence. . . ." *United States v. Olson*, 716 F.2d 850, 853 (11th Cir. 1983).

Notwithstanding, Petitioner's prior convictions were used as the basis for a career offender enhancement, rather than a statutory enhancement. His enhanced sentence fell within the permissible statutory range of punishment. Accordingly, the notice requirements of § 851 did not apply. *United States v. Kicklighter,* 2009 WL 3073247 (11th Cir. 2009); *Young v. United States,* 936 F.2d 533, 536 (11th Cir. 1991)("[T]he Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range.").

Petitioner's attorney was therefore not ineffective in failing to object to the lack of an § 851 notice, as there was no requirement of such a notice. Even if his attorney should have objected,

Petitioner suffered no prejudice. He was properly enhanced under the Guidelines as a career offender pursuant to § 4B1.1.

**Ineffective assistance for failing to appeal crack-to-powder guideline ratio**

Although not denominated as a separate ground for relief in his motion, Petitioner argues in his memorandum that his attorney was ineffective in failing to argue and appeal the "differential of the 100:1 and 20:1" crack-to-powder ratios under *United States v. Booker*. (CV Dkt. 2, pp. 15-20). Petitioner also argues that although he was charged under one statute, he was sentenced under another, referring to his term of supervised release. He claims that the term of supervised release and his term of imprisonment subjected him to double jeopardy (CV Dkt. 2, pp. 17-20).

In his sentencing memorandum, Petitioner's argued for a lesser sentence because of the more severe sentences for crack cocaine offenses than powder cocaine offense. In support, the attorney cited *United States v. Sloan*, 97 F.3d 1378, 1383 (11th Cir. 1996) (CR Dkt. 18, p. 7). In *Sloan*, the court observed: "Congress' recent rejection of the proposed guideline amendment which would have ended the 100:1 weight ratio further confirms its intent that crack cocaine offenses should receive harsher treatment under the guidelines, as well as the drug distribution statute." *Id*. Faced with this Circuit precedent, Petitioner's attorney was not ineffective in failing to argue a contrary position. Regardless, Petitioner can show no prejudice from counsel's failure to object, since the district court was bound by Circuit precedent to apply the guidelines consistent with the 100:1 ratio in effect at the time of sentencing. *See United States v. Williams*, 456 F.3d 1353, 1358 (11th Cir. 2006), *cert. dismissed*, 127 S.Ct. 3040 (2007)(district court erred in not employing Sentencing Guidelines' 100:1 crack-to powder drug quantity ratio). Any such argument by counsel would have been rejected as foreclosed by Circuit precedent. *United States v. Hood*, 246 Fed. Appx. 61 (11th Cir. 2007).

Petitioner's contention that his attorney should have raised a double jeopardy objection is without merit, if not frivolous. The penalty provisions of the statute under which Petitioner was sentenced mandates the imposition of a term of supervised release in addition to a term of imprisonment. 21 U.S.C. § 841(b). Petitioner wholly fails to show that counsel's failure to make this meritless argument was deficient performance or that he was prejudiced by the claimed deficient performance. Regardless of any objection, a term of supervised release was mandated by statute.[6]

Lastly, Petitioner's unsupported contention that his attorney was ineffective in "failing to properly present the Court with justifiable reasons to impose a downward departure in sentence to the statutory minimum of 60 months . . ." is without merit. (CV Dkt. 2, p. 21). At sentencing, his attorney made a reasoned plea for a variance which was rejected by the Court. Petitioner identifies no basis under the Sentencing Guidelines for a downward departure. This claim of ineffective assistance is without merit on its face. Even if there was some unidentified basis to support a downward departure, Petitioner does not show that he was prejudiced by his attorney's failure to seek a downward departure.

## Evidentiary hearing

An evidentiary hearing is required on a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, an evidentiary hearing is required only if Petitioner alleges facts which, if proven, would entitle him to relief. *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989) (citing *Townsend v. Sain*, 372

---

[6] The Government's argument that the substantive claims underlying Petitioner's claim of ineffective assistance of counsel are procedurally defaulted is correct. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied*, 494 U.S. 1018 (1990). Notwithstanding, the grounds Petitioner raises are all raised in the context of ineffective assistance of counsel, rather than as substantive claims, as he expressly states (CV Dkt. 2, p. 1).

U.S. 293 (1963)); *Porter v. Wainwright*, 805 F.2d 930 (11th Cir. 1986).

Here, the record conclusively demonstrates that Petitioner is not entitled to relief on his claims of ineffective assistance of counsel. Petitioner has not alleged facts in support of his claims of ineffective assistance of counsel, which, if true, would entitle him to relief. There is accordingly no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

The Court has carefully reviewed Petitioner's motion and supporting memorandum and finds that all of his contentions and complaints of ineffective assistance of counsel are either not cognizable in this § 2255 proceeding, or are without merit.[7] Petitioner has not shown that his attorney performed deficiently or that he was prejudiced by any claimed deficient performance.

Upon consideration, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 13th day of October, 2009.

/s/ James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner/pro se
Counsel of Record

---

[7] See *Gonzalez v. United States*, 190 Fed. Appx. 939 (11th Cir. 2006).